1 | PORTFOLIO RECOVERY ASSOCIATES LLC
Rami N. Haddad (SBN# 253400)
2 | Email: rnhaddad@portfoliorecovery.com
3 | 140 Corporate Boulevard
Norfolk, VA 23502
4 | Telephone:  757-481-8359
Fax:  757-321-2518
5 |
6 | Attorney for Defendant
PORTFOLIO RECOVERY ASSOCIATES LLC
7 |
8 |
9 | UNITED STATES DISTRICT COURT
10 | CENTRAL DISTRICT OF CALIFORNIA
11 | WESTERN DIVISION
12 |
13 |
14 | GLADYS LOPEZ ) Case No.  2:13-cv-07274-ABC-E
15 | )
Plaintiff, )
16 | )
)
17 | vs. )
)
18 | PORTFOLIO RECOVERY ASSOCIATES LLC )
)
19 | Defendant. )
) **ANSWER TO COMPLAINT BY**
20 | ) **DEFENDANT PORTFOLIO**
) **RECOVERY ASSOCIATES LLC**
21 | )
)
22 | )
)
23 | )
)
24 | )
25 |
26 | //
27 | //
28 | //

1

NOW COMES Defendant Portfolio Recovery Associates, LLC ("Defendant"), by counsel, and for its Answer to the Plaintiff's Complaint, respectfully states as follows:

1. In answering Paragraph 1, Defendant admits that the Plaintiff alleges violations of the Fair Debt Collections Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") but denies having violated the same.

2. In answering Paragraph 2 of the Complaint, Defendant admits on information and belief that Plaintiff is a natural person residing in Los Angeles County, California. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3, Defendant admits that it is a Limited Liability Company that engages in the collection of receivables with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502. Defendant admits that it has, at times, attempted to collect debts due to another and that it has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692(a)(6) and Cal. Civ. Code § 1788.2(c). Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4. Defendant admits that within the one year preceding the filing of the complaint that Defendant called a phone number that may belong to Plaintiff. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.
   a. Denied
   b. Denied
   c. Denied
   d. Denied
   e. Denied
   f. Denied
   g. Denied

  h. Denied

9. Defendant denies all allegations contained in Paragraph 9 of Plaintiff's Complaint and denies that Plaintiff is entitled to any relief requested.

10. Defendant incorporates by reference paragraphs 1-9 above as if fully set forth herein.

11. Denied.

12. Defendant denies each and every material allegation not heretofore controverted and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

**(Bona Fide Error)**

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

//

//

**FIFTH AFFIRMATIVE DEFENSE**

**(No Willful Conduct)**

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligation at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

//

//

//

## TENTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant has or had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA and the RFDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff lacks standing to pursue the claims asserted in this action.

//
//
//
//
//
//
//
//
//

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff costs according to proof.

3. That Defendant recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: 10/8/2013                    PORTFOLIO RECOVERY ASSOCIATES LLC

By: /s/ Rami N. Haddad
    Rami N. Haddad
    Attorney for Defendant
    Portfolio Recovery Associates LLC